THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Clyde Leroy
 McBride, Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2010-UP-357
Submitted June 1, 2010  Filed July 12,
 2010
AFFIRMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R.J. Shupe; and Solicitor Warren Blair Giese, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Clyde Leroy McBride appeals his convictions for
 first-degree burglary, kidnapping, and armed robbery.  On appeal, McBride
 argues the State failed to prove a complete chain of custody for DNA evidence
 because it failed to establish a complete chain of custody for the vehicle in
 which his DNA was discovered.  The State was not required to prove the chain of
 custody for the vehicle because it possesses unique identifiable
 characteristics.  See State v. Freiburger, 366 S.C. 125, 134, 620
 S.E.2d 737, 741-42 (2005).  The State introduced evidence that the samples
 used for DNA testing were taken from the victim's stolen vehicle.  No further
 authentication was required.  Accordingly, because the State proved the chain
 of custody from the time the samples were collected from the vehicle until they
 were tested for DNA, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: State v.
 Pagan, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission
 of evidence is within the discretion of the trial court and will not be
 reversed absent an abuse of discretion."); see State v. Carter,
 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001) (noting a complete chain of
 custody must be established, as far as practicable, tracing possession from the
 time a sample is collected until the final custodian by whom it is analyzed). 
Affirmed.
FEW,
 C.J., THOMAS, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.